GATES v. DELAWARE COUNTY.

<table>
<tr><td>12</td><td>405</td></tr>
<tr><td>d111</td><td>24</td></tr>
</table>

1. RESIGNATION OF OFFICE. The tendering of a resignation of a public office, in writing, to the officer authorized by law to receive it, and the filing of the same without objection by such officer, operates to vacate the office resigned according to the tenor of such resignation.

*Appeal from Delaware District Court.*

THURSDAY, DECEMBER 5.

IN April of 1858, the plaintiff was elected to the office of county superintendent of common schools for the county of Delaware, for the term of two years. Early in January following, he tendered to the county judge of said county, the following written resignation of his office, to wit:

" *Hon. A. E. House,*

*County Judge, Delaware Co., Iowa* :

Owing to circumstances known to yourself, and the public generally, I feel constrained to resign the office which I have heretofore held, of county superintendent of common schools for this county; you will, therefore, please accept

this as my resignation, to take effect from and after Jan. 5th, 1859.

Very respectfully, yours &c.,

H. N. GATES."

It was shown that this paper was received by the county judge, on the 10th day of Jan., 1859, and on that day placed on file in his office, having the following indorsement thereon : "Resignation. H. N. Gates, superintendent of common schools : filed 10th Jan., 1858."

It is conceded that the date of the year was a mistake, and should have been 1859. From the filing of the paper up to the 30th of April following the plaintiff wholly ceased to exercise the functions of his office. On this last named day the plaintiff suggested to the county judge, that some one ought to act as county superintendent, and thereupon offered to withdraw his resignation and resume the duties thereof. The judge expressed a willingness that he should do so, saying that he had not accepted his resignation, not then remembering, however, what he had done with the above letter of resignation. The plaintiff accordingly did examine some teachers that day. A few hours later on the same day, the resignation in question, with the indorsement thereon, was found on file in the county judge's office, and was returned to the plaintiff, The county judge supposing that the filing of the above paper, with the indorsement thereon, in his office amounted to a resignation of the office of superintendent, on the part of plaintiff, and that it was not competent for him to resume its functions in the manner proposed, concluded to appoint one W. A. Roberts to fill the vacancy in said office of superintendent; which appointment he made on the same day, being the 30th of April, 1859, and advised the plaintiff thereof by letter through the mail.

After this, in August, 1859, the plaintiff commenced his

suit against the county to recover $225, the amount of his salary from the 1st of January, 1859, to the 1st of July, inclusive. Upon the trial thereof, the plaintiff recovered $10, for which sum, after a motion for a new trial was overruled, the court rendered a judgment, and the plaintiff appeals.

*Brayton & Wattson* for the appellants.

*Lyman N. Idgalls* for the appellee.

LOWE, C. J.—In the trial of this cause below, two errors are claimed to have occurred. The first relates to the admission of evidence said to be incompetent, consisting in the introduction before the jury of the written appointment by the county judge of W. A. Roberts as the successor of the plaintiff in the office of county superintendent, and also permitting to go the jury as evidence, the plaintiff's letter of resignation with the indorsement thereon, above described, without more proof than was adduced to show acts on the part of the county judge to make the same effective in law as a resignation.

The second ground of alleged error consists substantially in charging the jury, that the circumstances under which the foregoing written resignation was tendered, recorded and filed in the county judge's office, was sufficient to give it the force and effect of a legal resignation, or in other words to vacate the office of school superintendent.

If this last question is found against the appellant, it will follow that there was no material error in allowing the introduction of the evidence complained of. The Code designates the county judge as the officer to whom a county school superintendent may resign his office. But it does not specify the mode or ceremony which must be adopted in order to consumate this object, nor does it invest the county judge with any discretionary power to refuse such resignation. The right to lay down office in this country is so clear

and universally acknowledged, that it may well be question-
ed whether the officer appointed to take such remuneration
would have the right to prevent it.  Certainly no such power
is given him in the law.  It is true in particular cases, or
under special circumstances, he might with propriety advise
against it, but he has no absolute legal right to peremptori-
ly forbid the act, or refuse the resignation.  Such is neither
the language, the spirit, nor the policy of the law.  Hence
we infer that there can be no good reason for requiring that
the resignation should be formally accepted in writing, or
entered on record and the incumbent notified thereof before
the same can be effectual in rendering vacant the office.

Still it is true these acts should be done by which the
officer to whom the resignation is to be made, and the pub-
lic through him may clearly understand that the office has
been surrendered by the party resigning.  Now, the plaint-
iff in this case made a formal unconditional written resigna-
tion of his office as county superintendent of common schools,
and placed the same into the hands of the county judge ;
who, by his clerk had it indorsed a " resignation," with the
date of its reception, and filed in his office without objection.
Such acts constitute a virtual acceptance of the resignation,
and it is not necessary in addition to this, as contended for
by appellant, that the county judge should make a special
record of the fact, and notify the party resigning, that his
resignation has been duly accepted, before his office can be
vacated.  Such officer may fairly indulge the presumption
that unless his resignation has been returned to him with
objections that it has been duly accepted ; and this pre-
sumption the plaintiff did indulge, for according to the
evidence he did not pretend to attend to any of the duties
of the office for nearly four months thereafter and until he
first obtained leave to withdraw his resignation.  This with-
drawal is entitled to no ignificance ;inasmuch as the office

had become vacant long before, by the act of the plaintiff himself, acquiesced in by the county judge. The plaintiff could only be reinvested with the office by a new election or appointment. Believing upon the whole that the charge of the court was a very fair exposition of the law of this case, we must

Affirm.