F. D. CURTTRIGHT v. THE INDEPENDENT SCHOOL DISTRICT OF CENTER JUNCTION, JONES COUNTY, IOWA, Appellant.

**Resignation of Teacher:** ACCEPTANCE. The tender of a resignation by a teacher, under contract to teach in a certain district, being a mere offer, is not binding on either party to the contract until accepted, and it may be withdrawn at any time before it is acted on by the district board.

SAME. The fact that a tender of a resignation by a teacher under contract to teach in a district was handed to the president of the district board, and retained by him, did not constitute an acceptance thereof, where it remained for the board to act on the tender.

ABANDONMENT OF CONTRACT. The fact that a teacher under contract to teach in a certain district handed in his resignation at the close of a term, drew the pay that was due him and delivered up the key of the school house on demand of the district board, is insufficient to show an abandonment of the contract where he afterwards, and before the commencement of the next term, withdrew his resignation prior to its acceptance.

DISCHARGE OF TEACHER. In an action by a teacher against a school district for damages for breach of contract, it appeared the plaintiff tendered his resignation, but withdrew it before it was accepted, and the district board thereupon formally accepted the resignation. *Held*, that the claim of defendant that, if there was no resignation before the board, its action was an order of discharge, under Code, section 2782 (Code 1873, section 1734), authorizing district boards to discharge teachers for incompetency, and after an investigation at a meeting convened for that purpose, at which the teacher may be present, and make his defense, and that plaintiff, not having appealed from the order of discharge to the county superintendent, as provided by Code, section 2818 (Code 1873, section 1734), could not maintain the action—was untenable, it not appearing that any complaint was made against plaintiff, or that he was called on to make any defense.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

THURSDAY, APRIL 12, 1900.

ACTION to recover damages for an alleged breach of a written contract. The defendant answered, denying the alleged breach and that plaintiff was damaged. It was agreed on the trial that, if plaintiff is entitled to recover at all, it is in the sum of two hundred and fifty dollars. At the conclusion of the evidence the court, on motion of the plaintiff, directed a verdict in his favor for two hundred and fifty dollars and rendered judgment thereon. Defendant appeals.—*Affirmed.*

*Jamison & Smyth* for appellant.

*B. H. Miller* for appellee.

GIVEN, J.—I.  The plaintiff and the defendant's board of directors entered into a contract, whereby the plaintiff agreed to teach the public school in said district for the term of thirty-six weeks commencing September 6, 1897, in consideration of which the defendant agreed to pay to him fifty dollars per month.  The plaintiff took charge of the school, and continued to teach it up to Friday evening, December 10, 1897, from which time there was to be and was a vacation of the school until January 3, 1898.  On January 3, 1898, the plaintiff was present, ready and willing to continue to perform the duties of teacher under said contract, but was forbidden to and prevented from doing so by the defendant's said board for the following reasons:  On December 8, 1897, the plaintiff delivered to A. McDonald a writing as follows:  "Center Junction, Dec. 8, 1897.  To A. McDonald, Center Junction, Iowa, President of Board of Education:  I hereby tender my resignation as principal of schools.  It has been made plain to me that the progress of the children is somewhat retarded by my position.  To stand in their way would be an injustice to them.  Therefore, in the interests of school harmony, I tender this, to take effect Friday evening, Dec. 10.  Wishing my successor abundant success, I am the same, F. D. Curttright."  President McDonald called a special meeting of the board for Saturday evening, December 11, 1897, and after the members of the board had convened, and before said tender of resignation had been acted upon, the plaintiff placed upon the secretary's table a writing as follows:  "To the Board of Education:  After much urgent solicitation on the part of my many friends, I hereby withdraw my resignation, and so remove further agitation.  F. D. Curttright."  The record of that meeting shows as follows:  "The president requested the secretary to read the resignation to the board, which was done; also F. D. Curttright's withdrawal.  Geo. L. Felton made a motion that the withdrawal be accepted.  No second.  The president said the resigna-

tion must come before the board first, and be acted upon. Geo. L. Felton made a motion, if the board accepted F. D. Curttright's resignation, that they close the school for the balance of the school year. No second. J. N. Smith made a motion that the board accept F. D. Curttright's resignation. McDonald seconded the motion. Carried." On December 13, 1897, an order was drawn on the treasurer, and delivered to the plaintiff, for twenty-three dollars and seventy-five cents, the balance due him up to the commencement of the vacation, and this order was paid to him December 16th.

II. Appellant's first contention is that the paper of December 8th "is in fact and in law a renunciation of the contract upon his part, and terminated all right of the plaintiff to in any manner enforce the contract." A number of authorities are cited to the effect that, having renounced the contract, the plaintiff cannot recover for the refusal on the part of the defendant to thereafter perform it. We do not so construe this writing. It is simply a tender—an offer—to resign, to terminate the contract, and, until accepted, was not binding upon either party. If it had been accepted, both parties would have consented to the termination of the contract, but, if not accepted, both would continue to be bound by it. Being a mere offer, the plaintiff had the right to withdraw it at any time before it was acted upon by the defendant's board, and this he did; wherefore it was as if no such offer or tender had been made, and at the time the board acted it had no such offer to act upon. We do not think that this writing, nor the fact that the plaintiff drew the balance of pay due to him, nor that he delivered the key of the school house, on demand of the board, prior to January 3d, shows an abandonment of the contract. He drew his pay to the end of the year because it was due to him, and delivered up the key because it was demanded of him. The fact that the tender of resignation was handed to the president, and retained by him, did not

constitute an acceptance of it, as was the case of *Gates v. Delaware Co.*, 12 Iowa, 405, for the reason that in this case it remained for the board to act upon the offer while in that no further action was required. The principles involved in this inquiry are so elementary as to require no further citations.

III. Appellant's next contention is that if, by reason of the withdrawal, there was no resignation before the board, then their action was an order of discharge, under section 1734 of the Code of 1873 (section 2782, present Code), and that this action will not lie, plaintiff not having appealed from the order of discharge to the county superintendent, as provided in section 1829, Code 1873 (section 2818, present Code). Said section 1734 (section 2782) provides: "In case a teacher employed in any of the schools of the district township is found to be incompetent, or is guilty of partiality or dereliction in the discharge of his duties, or for any other sufficient cause shown, the board of directors may, after a full and fair investigation of the facts of the case, at a meeting convened for the purpose, at which the teacher shall be permitted to be present and make his defense, discharge him." Said section 1829 (section 2818) provides that any person aggrieved by any decision or order of the board in a matter of law or fact may appeal to the county superintendent. Section 1836, Code 1873 (section 2820, present Code), provides that the county or state superintendent shall not have authority "to render judgment for money." Said proceedings of December 11th were not intended to be, and were not, in fact, in pursuance of the provisions of said section 1734 (section 2782). No complaint of incompetency, partiality, or dereliction of duty was made against the plaintiff, nor was he called upon or permitted to defend against such accusations. The relief sought in this case is exclusively a money judgment, and this the county superintendent had no power to grant. *Kirkpatrick v. School Dist.*, 53 Iowa, 585, is not in

point, as that was a proceeding under the statute to discharge the teacher. As to appeals from orders of the board, see *Perkins v. Board,* 56 Iowa, 476; *Rodgers v. School Dist.,* 100 Iowa, 317; *Burkhead v. School Dist.,* 107 Iowa, 30. Our conclusion is that there was no error in directing a verdict for the plaintiff, and the judgment is therefore AFFIRMED