No. 12,926.

H. C. Lallier Construction and Engineering Company et al. v. Weicker Transfer and Storage Company.
(25 P. [2d] 195)

Decided September 11, 1933.

Mr. CLARENCE L. IRELAND, Mr. R. H. BLACKMAN, for plaintiffs in error.

Mr. WILBUR F. DENIOUS, Mr. HUDSON MOORE, Mr. DAYTON DENIOUS, Mr. B. C. HILLIARD, JR., for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THERE is before us for review a money judgment of $984.33 rendered in the district court against the plaintiffs in error, H. C. Lallier and H. C. Lallier Construction and Engineering Company. The interests of the two plaintiffs in error are identical to such an extent that the briefs herein refer simply to "Lallier" as if he were the sole plaintiff in error, and we shall do likewise. The judgment was in favor of the Weicker Transfer and Storage Company as assignee of one G. R. De Spain, a creditor of Lallier.

A contract was awarded to Lallier by the state of Wyoming for constructing a certain highway. By writ-

ten contract with Lallier, De Spain agreed to do a portion of the excavation work, for which she was to receive 10 cents per cubic yard on earth material and 17 cents per cubic yard on loose and solid rock. Under the main contract Lallier was to be paid monthly on the basis of monthly estimates of the work done, made by the Wyoming engineer in the course of the operations; 15 per cent of the estimated value of the work was to be retained by the state until completion and acceptance of the work, all such estimates and payments to be subject to correction in the final estimate and payment. The Lallier-De Spain contract provided as follows: ''All payments of estimates to be consistent in time and quantity, as that paid by the Wyoming Highway Department to H. C. Lallier. The usual retained per cent of work done will be retained until the completion of the project and will then be paid to G. R. De Spain at the time of receiving the final estimate from the Wyoming Highway Department.''

On November 6, 1929, five days before completing her part of the work, De Spain gave a written assignment to the defendant in error, the Weicker company, purporting to assign to it all her right, title and interest in amounts to be retained by Lallier or the state of Wyoming then owing De Spain or to become due her in the future. The same day Lallier gave a written acceptance of the assignment. Thereby the Weicker company was substituted for De Spain as Lallier's creditor in respect to that portion of the retained 15 per cent represented by De Spain's work. The preliminary estimates of the amount of excavation done proved excessive, with the result that the 85 per cent payment based on the estimate was considerably more than 85 per cent of the actual earnings as finally determined under the contract provisions.

There can be no doubt that by the above-quoted loosely drawn provision Lallier and De Spain intended to make the payments under the subcontract conform to

the procedure established for payments under the main contract. This procedure contemplated that after each monthly estimate—necessarily a mere approximation— there should be paid exactly 85 per cent of what would be due if the estimate were correct. To such payment De Spain was absolutely entitled. That any such payment later proved more or less than 85 per cent of the actual earnings, as determined by the estimate of work done when finally accepted, is entirely beside the question. In other words, the payments made on the basis of the approximations were absolute payments properly made. Indeed, in the main contract it is expressly declared that monthly payments are not to be construed as an acceptance of any part of the work or materials, "but simply as payments on account." It necessarily follows that what counsel term the "overpayment" made to De Spain was a payment on account, duly accomplished. There is nothing in the subcontract or in the main contract which would justify the argument that the "overpayment" should be, or should be deemed to be, refunded for the purpose of making the unpaid balance a full 15 per cent of the true cost or earnings. The 15 per cent never assumed the dignity of an independent deposit or of a definite fund, but was a mere unpaid balance the size of which must remain undetermined until the final estimate and acceptance. It is to be noted that certain force-account items aggregating $375 and the so-called Cheyenne balance of $28.63 were wholly outside the subcontract and that therefore the 15 per cent provision did not apply to them. The evidence shows clearly that the parties properly applied the prescribed procedure to the matters covered by the contract, and that the two extra items mentioned were correctly dealt with as not within the terms of the contract; for after deduction of these two items from the $5,997.93 paid De Spain by Lallier up to and including January 29, 1930, the remaining $5,594.30 is seen to constitute (within 2½ cents) 85 per cent of the $6,581.50 calculated on the monthly

estimate which served as the basis for the January payments.

Counsel for the Weicker company argue, however, that under its assignment it is entitled to hold Lallier for an undiminished 15 per cent of the entire amount earned by De Spain. They contend that Lallier's "overpaying" De Spain cannot lessen Lallier's liability for the 15 per cent. But, as above shown, the "overpayment" was nothing but a payment on account, regularly made by the express terms of the contract between Lallier and De Spain. Only such portion of the 15 per cent is properly available under the assignment as is left after deducting, from the total amount actually earned by De Spain, the total of the payments she received under the contract up to but not exceeding 85 per cent of the sum based upon the preliminary estimate.

■ The amount actually earned by De Spain is presumptively the amount figured according to the final estimate of the state of Wyoming upon acceptance of the work. This amount is conceded to be $6,115.82. But the subcontract provides: "said H. C. Lallier agrees to finish the roadway after the shovel work has been completed without cost to said De Spain, other than deducting the number of yards remaining in the cuts after the shovel work is done." Under that provision Lallier claims the right to deduct for 1900 cubic yards of rock excavation, or, figuring at the contract price of 17 cents, the sum of $323. The evidence concerning the alleged work upon which this claim depends is clear, detailed and positive, and is not impeached in any way, nor was there any evidence introduced to contradict it. In speaking of this item, counsel's brief apparently accepts it as valid, without suggesting the slightest doubt of its correctness. The evidence to prove it is ample. We think that the entire $323 should therefore be deducted from the $6,115.82, leaving $5,792.82 as the correct amount representing De Spain's actual earnings. The total of all

payments to De Spain was $5,997.93, but of this $403.63 is represented by the force-account and Cheyenne-balance items already discussed; so that the payments made strictly under the contract aggregate $5,594.30 (which is 85 per cent of the $6,581.50 figured on the last monthly estimate, and which consequently represents legitimate "payments on account" made under the contract). The difference between $5,792.82 and $5,594.30 is the unpaid part of what De Spain earned, and that difference, $198.52, is the sum covered by the Weicker assignment. Interest should be included at 8% per annum from October 3, 1930 (the date of final payment by Wyoming), to May 14, 1931 (when judgment was rendered herein), namely, $9.75, which, added to the $198.52, is $208.27, the total amount to which the Weicker company was entitled on May 14, 1931. To avoid the inference that we have neglected to consider a $120 item claimed as a credit by Lallier on account of his alleged payment of moneys for repairs on De Spain's excavating shovel, we call attention to the fact that such a claim is not one arising under the Lallier-De Spain contract; and even though it were valid, it could not affect the rights under the assignment. The full 85 per cent payable to De Spain by Lallier under the monthly estimate preceding the January payment was, as already stated, actually paid. Any additional payment or credit of Lallier's would have exceeded the permissible percentage for payments and could not be considered for the purpose of further reducing the retained balance which the Weicker company as assignee is entitled to receive. To that extent and in that sense the Weicker company has the right to oppose reduction of its claim under the assignment. If Lallier's $120 claim is valid in whole or in part, it can be enforced only against De Spain.

The judgment of the district court must be reversed and the case remanded with directions to vacate the judgment of $984.33 entered on May 14, 1931, and in lieu thereof to render a judgment of $208.27 as of the date

just mentioned. It is ordered that the plaintiffs in error recover two-thirds of their costs in this court, and that the defendant in error recover all its costs in the district court.

Judgment reversed with directions.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND not participating.