## MARJORIE HUEMAN v. INDEPENDENT SCHOOL DISTRICT NO. 77, GRAND MEADOW, MOWER COUNTY.[1]

November 19, 1954.

No. 36,357.

*Bang & Nierengarten,* for appellant.
*Baudler & Baudler,* for respondent.

CHRISTIANSON, JUSTICE.

This action was commenced upon the alleged failure of the defendant, Independent School District No. 77, to fulfill a written contract under which plaintiff was employed as a teacher in defendant's public school at Grand Meadow, Minnesota. Defendant appeals from an order denying its alternative motion for amended findings of fact

[1]Reported in 67 N. W. (2d) 38.

or for a new trial following the trial court's determination that judgment should be entered in favor of plaintiff for the unpaid balance of her salary for the school year in question.

On September 2, 1952, plaintiff and defendant's school board entered into a written contract pursuant to M. S. A. 130.18 whereby plaintiff was employed as a teacher for a term beginning September 8, 1952, and terminating as provided by said contract. On February 10, 1953, the school board met and unanimously adopted a motion resolving that plaintiff be asked to resign because of unsatisfactory instruction and disciplinary troubles. Furthermore, in response to the concern of the superintendent of schools over the fact that an immediate resignation by plaintiff would leave the school without a teacher, the board authorized the superintendent to accept plaintiff's resignation "should it be forthcoming upon his request" and to secure a substitute to fill the vacancy. On February 12, 1953, the superintendent informed plaintiff that the school board wanted her resignation, and on the following morning plaintiff submitted a resignation to the superintendent in his office which read:

"Superintendent C. T. Holland,

"I am asking to be released from my contract effective immediately at the close of school on Friday.

"February 13.                                Mrs. Hueman."

When receiving the resignation from plaintiff, the superintendent said nothing concerning the effective date, but on the following day, February 14, he hired a substitute teacher who was to commence work on Monday, February 16. However, on February 14 plaintiff submitted a letter written by her attorney which purported to withdraw her resignation to the clerk of the school board, and on Monday, February 16, she reported to work at the school. In the meantime the school board had taken no action upon her resignation, and at a meeting on the night of February 16, the members decided that no further action need be taken by the board since the resignation was complete.

The main issue presented on appeal concerns the power of a school board to delegate the function of accepting a teacher's resignation to a superintendent of schools. Defendant contends that the simple act of actually accepting the resignation upon the explicit condition that it was "forthcoming upon his request" was merely a ministerial duty which the board could legally delegate because the discretionary act of determining that plaintiff's services were no longer desired had already been performed.

Under normal statutory operation where the resignation of a teacher is to become effective at the end of a school year,[2] the attorney general has correctly ruled that "The law does not require the school board to accept the resignation. When the resignation is made in writing and presented to the board, it is effective provided it is made before April 1. Nothing remains to be done. That stops the contract. The contract runs to the end of the year and then it is complete." Opinion Attorney General, No. 172-C-4, June 16, 1950. However, where the resignation is to be effective immediately and not at the end of the school year as contemplated by that part of § 130.18, subd. 3, which affords teachers a method of avoiding the continuing contract provisions of our law by resignation before April 1, the school board may refuse to release a teacher from her duties upon submission of her resignation. As stated by this court

[2]M. S. A. 130.18, subd. 3, provides as follows:

"The teacher's contract shall remain in full force and effect, except as modified by mutual consent of the school board and the teacher, until terminated by a majority roll call vote of the full membership of the school board, or by the written resignation of the teacher, before April 1. Provided: before a teacher's contract is terminated by the school board, the board shall notify the teacher in writing and state its reason for the proposed termination. Within ten days after receipt of this notification the teacher may make a written request for a hearing before the board and it shall be granted before final action is taken. Such termination shall take effect at the close of the school year in which the contract is terminated in the manner aforesaid. Such contract may be terminated at *any time by mutual consent of the school board and the teacher* and this section shall not affect the powers of a school board to discharge or demote a teacher under and pursuant to section 125.06, subdivision 10." (Italics supplied.)

in Downing v. Independent School Dist. No. 9, 207 Minn. 292, 303, 291 N. W. 613, 618:

"* * * If a school board attempts to discharge a teacher, or if the teacher attempts to resign, contrary to the provisions of the act, such action is in either case ineffective until consent of the other party is obtained."

In the instant case the request of the school board for plaintiff's resignation constituted an attempt to terminate the contract by mutual consent[3] so as to avoid the statutory provisions regarding the cause and procedure for discharge.[4] It seems clear that the prior action of the board in resolving to ask for plaintiff's resignation did not constitute consent to termination of her contract under the statute since neither the terms nor conditions of the resignation were known to the board at that time. In its true perspective, a teacher's resignation to take effect before the close of the school year is only an offer to resign, and the school board must act to accept the known provisions of the offered resignation in order to terminate the contract. As the Colorado supreme court stated in Trustees of State Normal School v. Wightman, 93 Colo. 226, 230, 25 P. (2d) 193, 195, in holding a teacher's withdrawal of his resignation effective:

"* * * A contract of employment becomes effective when the appointee has accepted. So also an offer by the appointee to terminate or surrender an appointment by resignation is effectual only when the resignation is duly accepted by the body whose duty it is to make or terminate the appointment."

See, also, Shade v. Board of Trustees, 21 Cal. App. (2d) 725, 70 P. (2d) 490; State ex rel. Phillips v. Ford, 116 Mont. 190, 151 P. (2d) 171; Curttright v. Independent School Dist. 111 Iowa 20, 82 N. W. 444; Lemasters v. Board of Education, 105 W. Va. 81, 141 S. E. 515.

[3]M. S. A. 130.18, subd. 3, provides:

"* * * Such contract may be terminated at *any time by mutual consent of the school board and the teacher* * * *." (Italics supplied.)

[4]M. S. A. 130.18, subd. 3; § 125.06, subd. 10.

The power to employ and discharge public school teachers is vested in the school boards by statute in this state,[5] and we think it is in the best interest of the students, teachers, and schools that the orderly and settled statutory procedures for exercising such powers be spared any confusing inroads by allowing delegation of authority based on the fine judicial distinction between ministerial and discretionary duties. In considering the power to employ teachers, this court in Martin v. Common School Dist. No. 3, 163 Minn. 427, 430, 204 N. W. 320, 321, said:

"* * * The sections of the statute above cited provide the only way by which a contract may be made by the municipality. That power is invested in the board alone. "

In the Martin case a teacher's contract was held void because it was negotiated by the chairman and clerk of the school board and not the board itself. Moreover, the attorney general of this state has consistently interpreted our statute as making the power to employ teachers nondelegable. See, Opinion Attorney General, No. 159-C, August 3, 1926, and Opinion Attorney General, No. 161-B-14, September 18, 1941. In construing a statute similar to ours, the court of appeal of Louisiana in Andrews v. Claiborne Parish School Board (La. App.) 189 So. 355, 357, certiorari denied, stated:

"The power to employ and discharge teachers has been confided by the Legislature solely to the School Boards of the several parishes of the state. * * * The right to exercise this power may not be delegated."

Likewise, the Colorado supreme court in Trustees of State Normal School v. Wightman said (93 Colo. 231, 25 P. [2d] 195):

"* * * there being no rule to govern such a contingency, the trustees alone have the power to accept a resignation and thus to

---

[5]M. S. A. 130.18, subd. 2, provides:

"School boards shall hire or dismiss teachers at meetings called for that purpose; * * *."

Section 125.06, subd. 10, provides:

"It shall employ and contract with necessary qualified teachers and discharge the same for cause."

sever the contractual relation between the college and a member of its faculty, even as they alone have the power to establish that relation."

As the tenor of the foregoing authorities indicate, the power to hire and discharge teachers has been zealously reserved to the school boards so as to guarantee to the public school systems the benefits of having the school board function as a whole rather than through designated persons with delegated authority when dealing with the vital question of the personnel of its teaching staff. And, although the school board had already determined in the instant case that the services of plaintiff were no longer needed, we are not inclined to label the final and binding act of resignation acceptance a mere ministerial act by virtue of this fact and thus introduce the distinction between ministerial and discretionary duties into this particular field of statutory law.

The authorities relied upon by defendant have been examined but found not to be in point. We therefore conclude that defendant's school board could not delegate its statutory power in this respect and that the order appealed from should be affirmed.

Affirmed.