[Civ. No. 2921.  Third Appellate District.—December 4, 1924.]

## W. J. MEEKER, Petitioner, v. C. L. REED, as City Clerk, etc., Respondent.

[1] PUBLIC OFFICERS—RESIGNATION—ACCEPTANCE—EFFECTIVE DATE—CONTINUED DISCHARGE OF DUTIES.—A resignation of a public officer takes effect immediately upon the date mentioned in the written resignation, filed as provided by law by the officer tendering his resignation; but if an officer, after tendering his resignation, continues to discharge the duties thereof, he does so as a *de facto* officer, and not as a mere usurper.

[2] ID.—RIGHT OF APPOINTEE TO HOLD OFFICE—JUDICIAL QUESTION—SPECIAL ELECTION TO FILL VACANCY.—Where two out of the five councilmen of a city are admittedly duly elected, qualified, and acting, and it appears that there is a third duly qualified person appointed by the mayor of said city acting and assuming lawfully to act as a city councilman of said city, as the successor of a duly elected, qualified, and acting councilman who had died, the right of such appointee to hold said office must be judicially determined, and the office declared vacant, before it can be said that the seats of a majority of the council are vacant, so as to require the calling of a special election to fill such vacancies under the provision of the freeholders' charter of said city that "if for any reason the seats of a majority of the Council shall become vacant, then the City Clerk shall call a special election at once to fill the vacancies for the unexpired terms."

---

(1) 29 Cyc., p. 1389, n. 53, p. 1403, n. 72 New, 73, p. 1404, n. 76 New.    (2) 38 C. J., p. 721, n. 72; 28 Cyc., p. 412, n. 35 New.

1. Time of resignation of public officer, note, Ann. Cas. 1915C, 346.  See, also, 22 R. C. L. 558; 21 Cal. Jur. 975.

PROCEEDING in Mandamus to compel a city clerk to call a special election to fill vacancies alleged to exist in a city council. Writ denied.

The facts are stated in the opinion of the court.

R. M. Barrett and Hilliard Comstock for Petitioner.

Jos. P. Berry, A. W. Hollingsworth and Kirkbride & Gordon for Respondent.

PLUMMER, J.—W. J. Meeker, a duly qualified elector of the city of Santa Rosa, by this proceeding seeks the order of this court directing and commanding the respondent, C. L. Reed, as the city clerk of the city of Santa Rosa, a municipal corporation of the state of California, to call a special election for the purpose of electing three qualified persons to act as members of the city council of the said city of Santa Rosa.

The record in this case discloses the following: That the city of Santa Rosa is now and at all times mentioned in this proceeding was a municipal corporation organized and existing under a freeholders' charter, adopted as provided by law, and approved by the legislature of the state of California in January, 1923 (Stats. 1923, p. 1298); that on or about the twenty-second day of September, 1924, C. O. Dunbar, W. N. Vallandigham, D. P. Mack, Newton B. Kinley, and W. J. Meeker constituted the duly elected, qualified, and acting council of the city of Santa Rosa and the said C. O. Dunbar was the duly appointed, qualified, and acting mayor of said city; that on or about the said twenty-second day of September, 1924, the said D. P. Mack died, leaving his office as a councilman of said city vacant; that thereafter, the remaining members of said city council considered the matter of filling the vacancy so caused by the death of Councilman D. P. Mack, but failed to agree upon the successor of the said D. P. Mack, and did not, within the time provided by the city charter of said city, to wit, thirty days "elect or appoint anyone to the office of councilman of said city made vacant by the death of D. P. Mack." That after the death of the said D. P. Mack, and on or about the fifteenth day of October, 1924, the said Newton B. Kin-

ley and W. J. Meeker, the petitioner herein, both resigned from their respective offices, as members of said council of said city of Santa Rosa, by executing and signing and filing with the respondent, C. L. Reed, as the city clerk of the said city of Santa Rosa, their resignations in writing to take effect at 5 o'clock P. M. on the said fifteenth day of October, 1924, the day upon which said resignations were filed with said clerk; that on the eighteenth day of October, 1924, the said C. O. Dunbar, the then duly appointed, qualified, and acting mayor of the said city of Santa Rosa, signed and filed with respondent a written appointment whereby he appointed John P. Overton, as councilman of said city of Santa Rosa to succeed the said D. P. Mack, deceased; that, thereafter, and on or about the twentieth day of October, 1924, the said John P. Overton qualified as said councilman, took the oath of office, filed the same with respondent, and has continuously acted as a councilman of said city since said date; that thereafter and on or about the twenty-third day of October, 1924, the said C. O. Dunbar, as the mayor of said city, signed and filed a second writing, purporting to appoint the said John P. Overton as a councilman of the said city of Santa Rosa, to fill the vacancy created by the death of the said D. P. Mack, and at said time the said John P. Overton took and filed his oath of office as such councilman, and since said day has continuously continued to act as such; that after a call duly issued for a meeting of said council of the said city of Santa Rosa, the said C. O. Dunbar, W. N. Vallandigham, and John P. Overton, acting as the city council of the said city of Santa Rosa on or about the twentieth day of October, 1924, and again on the twenty-third day of October, 1924, duly convened as the city council of the city of Santa Rosa, accepted the resignations of Councilmen Kinley and Meeker, and appointed Fred C. Steiner to fill the vacancy caused by the resignation of W. J. Meeker and George R. Cadan to fill the vacancy caused by the resignation of Newton B. Kinley, and that the said George R. Cadan and Fred C. Steiner took and filed the oaths of office, as required by law as councilmen of the city of Santa Rosa, and since said dates have, together with the other persons herein named, continued to act and now are the duly appointed and acting city councilmen of the city of Santa Rosa.

In addition to setting forth the appointment of council-

men, as just stated, the answer of the respondent sets up as a special defense that the failure of the council to reach an agreement concerning the appointment of someone to fill the vacancy created by the death of Councilman D. P. Mack was due "to the captious opposition of the said Kinley and Meeker and that in order to prevent the appointment of some one by the mayor to fill the said vacancy upon the expiration of thirty days the said Kinley and Meeker conjointly tendered their resignations a few days prior to the expiration of said thirty days, and by so doing, seek to compel a special election for the purpose of electing three members of said city council."

Section 32 of the city charter of the city of Santa Rosa concerning vacancies reads as follows:

"A vacancy in any elective office, from whatever cause arising, shall be filled by appointment by the Council, such appointee to hold office until the next general municipal election, when a successor shall be chosen by the electors for the unexpired term; provided, that if the Council fails to agree or for any other reason does not fill such vacancy within thirty days after the same occurs, then such vacancy shall be filled by the mayor, provided, however, that if for any reason the seats of a majority of the Council shall become vacant, then the City Clerk shall call a special election at once to fill the vacancies for the unexpired terms, and the same shall be conducted substantially in the manner provided for general municipal elections."

The contention of the petitioner herein is based upon the last proviso of the section which we have just quoted. The argument is made that immediately upon the filing of the resignations of Kinley and Meeker a majority of the seats of the city council of said city became vacant, and *ipso facto*, the legal duty was cast upon the respondent, as the said city clerk of the city of Santa Rosa, to issue a call for a special election to fill such vacancies. The respondent insists that the first proviso contained in said section governs this case and that the failure of the city council, as it existed on the twenty-second day of September, 1924, the date of the death of Councilman Mack, for the period of thirty days to appoint or select a successor to the deceased invested the mayor with the absolute and indefeasible authority to make such appointment. The respondent makes the further objections that

there is no machinery for conducting a special election, if there does not exist a city council of the city of Santa Rosa authorized by law to conduct the same, and that, under such circumstances, the city charter, by section 11, authorizes the action of the mayor, as hereinafter set forth, as a matter of emergency.

On the part of the petitioner it is contended that, notwithstanding the resignations of Kinley and Meeker, they are still *de facto* officers or councilmen *locum tenens* for the purpose of conducting a special election to select their successors. This reasoning is based upon section 879 of the Political Code, which reads: "Every officer must continue to discharge the duties of his office, although his term has expired, until his successor is qualified." Section 996 of the same code sets forth ten events upon the happening of any of which, before the expiration of an officer's term, the office becomes vacant. Among these events is "his resignation."

The argument of counsel takes up *in extenso* the question of officers *de jure* and *de facto,* which, however, for reasons hereinafter stated, we think unnecessary to consider. [1] While other jurisdictions have held to a different rule, it appears to be the settled law of this state that a resignation takes effect immediately upon the date mentioned in the written resignation, filed as provided by law by the officer tendering his resignation. No acceptance is required. It is also the settled law of this state that if an officer, after tendering his resignation, continues to discharge the duties thereof, he does so as a *de facto* officer, and is not a mere usurper. This ruling is founded upon public necessity and to prevent an hiatus in government.

It appears to be admitted by the respective parties to this proceeding that there are various provisions of the general election laws not susceptible of being put into operation other than by a duly acting city council. In other words, if there is not either a *de facto* or *de jure* city council to operate certain portions of the machinery relating to city elections, then that part of section 32 of the city charter of the city of Santa Rosa requiring the city clerk to call an election is inoperative, for failure of the necessary legal provisions enabling the city clerk to carry forward such election, making final canvass of the votes cast, certify as to the results and issue certificates to the successful candidates.

With this inability in view on the part of the city clerk to carry through a special election and operate all the machinery necessary so to do the petitioner, relying upon section 879 of the Political Code, calls our attention to the case of *State ex rel. Westfall* v. *Blair,* 87 W. Va. 564 [19 A. L. R. 35, 105 S. E. 830], and other cases enunciating a similar doctrine. The syllabus of the Blair case, *supra,* reads: "Resignation of a majority of the common council of a town chartered under chapter 47, Code (secs. 2382–2494), thus preventing appointments to fill the vacancies because of the inability of the minority to act, will not be effective, and will not absolve them from the discharge of official duties."

In that case, after an election had been held, in order to prevent a canvassing of the returns and certifying of the result thereof, a majority of the city council resigned. The court held that *mandamus* was the proper remedy and the resigning city councilmen could be compelled to canvass the returns of the election and certify the result. A number of cases are there cited to the effect that a resigning officer must continue in the discharge of his duties until his successor is selected and appointed and commissioned and *mandamus* will compel him to· perform his duties; that he continues to act as a *locum tenens* or *de facto* officer. Answering this contention, the respondent replies that, notwithstanding the resignations of Kinley and Meeker, as councilmen of the city of Santa Rosa, they continued to be such officers, either *locum tenens* or *de facto,* for the purpose of fulfilling the requirements of the first provision of section 32 of the city charter of said city and thus effectually establishing the legal right of the mayor to make the appointment of Overton to fill the vacancy caused by the death of Councilman Mack.

In the state of Montana, in the case of *State ex rel. Neill* v. *Page,* 20 Mont. 238 [50 Pac. 719], the supreme court construing section 994 of the Political Code of this state, providing that every officer must continue to discharge the duties of his office, although his term has expired, until his successor is qualified, related only to expirations of terms and not to a vacancy caused by resignation. In *Olmstead* v. *Dennis,* 77 N. Y. 378, the supreme court of that state likewise construed code provisions as to an officer holding until his successor should be duly qualified, applied only to cases

of the expiration of terms of officers and not to vacancies caused by a resignation, and that there existed no power to compel the *de facto* officer to continue to perform the duties of his office, assuming that an officer, having resigned, becomes an officer *de facto*.

We do not need, for the reasons hereinafter stated, to determine the questions thus presented further than to state it would seem the better reasoning to hold that if Kinley and Meeker continued to hold their offices as *de facto* councilmen for the purpose of an election to choose their successors, they were both such *de facto* councilmen as gave force and effect to that part of section 32 of the city charter authorizing the mayor to appoint a successor to Councilman Mack, deceased.

Whatever the correct holding may be in this particular, the necessary statement of the facts, which we have heretofore made and which we think determinative of this case, does present this vital issue.   [2]   At the time of the filing of this petition there was a duly qualified person appointed by the mayor of the city of Santa Rosa acting, and assuming lawfully to act, as a city councilman of said city, and as the successor of the said D. P. Mack, deceased; the duties of said councilman were being performed by John P. Overton, under claim of right and with the acquiescence of his associates and who were then and now acknowledging his rights to exercise such duties.   It thus became and now is a judicial question as to whether there was or is a vacancy of a majority of the seats of the city councilmen of the city of Santa Rosa, a question to be determined before the said clerk could act, and a judicial question which must be determined before a writ of mandate can be issued from this court directing the respondent to call a special election in said city for the purposes mentioned.   Overton's title to the office of said councilman of said city must be determined before it can be said that a vacancy existed or exists such as authorizes the calling of a special election under the charter section referred to.

In the case of *Drescher* v. *Board of Supervisors of Butte County,* 191 Cal. 234 [215 Pac. 902], the syllabus reads: "A writ of mandamus to compel a board of supervisors to appoint a member of an irrigation district, upon the ground that there is a vacancy, the application showing that the

position is occupied by one who is performing the duties of the office with the acquiescence of his associates and under claim of right should not be granted until it has been established by judicial process that there is a vacancy to be filled.''

The stipulation entered into by counsel upon the hearing of this case, admits all the transactions which we have heretofore stated, save and except the mere allegation that Kinley and Meeker resigned to prevent the appointment by the mayor of a successor to J. P. Mack, deceased.

Though but a memorandum opinion, the salient point is set forth in the Drescher case. The record in that case sets forth facts, in principle identical with those with which we are now dealing. It appears that a special election was had to recall one C. F. Cox, theretofore a director of division number 1 of the Honcut-Yuba Irrigation District; that the election resulted in the election of one J. L. Jackheck as his successor; that the said Jackheck qualified as required by law, and assumed and exercised the duties of his office as a director of said district; that thereafter, upon proper proceedings, the said Jackheck was declared ineligible to said office, and his resignation was thereupon presented to the proper authorities and accepted by them. Immediately upon the happening of this event, the recalled director, C. F. Cox, with the consent and acquiescence of the other directors of said district, assumed the office and continued to exercise the duties and functions of a director of said district until the institution of *mandamus* proceedings directed against the board of supervisors of Butte County to compel said board to appoint some fit and qualified person as a director of division number 1 of said irrigation district to fill the vacancy alleged to exist in said office. The supreme court holding that the existence of such vacancy would have to be judicially determined before *mandamus* proceedings would lie denied the writ. We think such holding conclusive in this case. The facts are similar. Here an officer appointed under the form of law provided by the city charter of the city of Santa Rosa is occupying the office, exercising the duties, and claiming the right to the office of said councilman of the city of Santa Rosa, as the successor of J. P. Mack, deceased. This presents a judicial question which must be determined before the writ of mandate can issue herein. Unless the office assumed to be exercised and being

exercised by Overton is vacant, no vacancy of a majority of the seats of the city council of said city is shown, and the second provision of section 32 is not applicable. For this reason, we have not considered either the regularity or the validity of the proceedings leading up to the appointment of Cadan and Steiner. It follows from what we have said that the petition for a writ of mandate herein should be denied, and it is so ordered.

Hart, J., and Finch, P. J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1925.

All the Justices concurred.