[Civ. No. 11435. Second Appellate District, Division Two.—July 14, 1937.]

ARTHUR WARD SHADE, Appellant, v. BOARD OF TRUSTEES OF REDONDO UNION HIGH SCHOOL DISTRICT etc., et al., Respondents.

726

Tanner, Odell & Taft and Swaffield & Swaffield for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard and William B. McKesson, Deputies County Counsel, for Respondents.

CRAIL, P. J.—This is an appeal from a judgment denying plaintiff a writ of mandate to compel his reinstatement as a permanent teacher of the defendant school district.

Plaintiff was employed as a teacher, with a permanent status, by the defendant school district. On April 3, 1936, he tendered his written resignation to the president of the board of trustees of the defendant school district; said resignation being in the following language: "As per our recent conversation, I hereby tender you my resignation as a member of the faculty of R. U. H. S., effective June 12,

1936,'' followed by plaintiff's signature. On May 11, 1936, the board of trustees, at a regular meeting, accepted said resignation and fixed the effective date thereof as June 12, 1936. On May 12, 1936, plaintiff sent to each member of the board of trustees a letter, in which he rescinded and withdrew said purported resignation and requested the board to rescind its purported acceptance of his resignation. The board of trustees took no action on this request and, at all times subsequent to June 12, 1936, has refused to employ plaintiff as a teacher of the defendant school district.

█ The contention is made by plaintiff that the resignation was a nullity because it was addressed to the president of the board of trustees rather than to the board of trustees,—in other words, that the resignation was not tendered to the board of trustees, but was tendered to the president of the board as a private individual only. While it is true that the tender of a resignation to any other than the authority competent to accept it is nullity (*State* v. *Boecker,* 56 Mo. 17), we feel that, in the instant case, the tender was properly made. The letter of resignation was addressed as follows: ''Mr. J. H. Gregory, Pres. R. U. H. S. Board of Trustees.'' In *State* v. *Board of Education,* 23 Ohio Cir. Ct. Rep. (N. S.) 98, under facts almost identical with those of the present case, the court held that although the resignation was addressed to the president of the board of education, acceptance by the board was valid. It appeared in that case, however, that the person who was resigning had consented to the presentation of the resignation to the board by the president. In the instant case there is substantial evidence that it was plaintiff's intention that said resignation be presented to the board of trustees. We therefore feel that the resignation was not a nullity and that it was duly accepted by the board prior to plaintiff's attempted withdrawal.

█ The next contention made by plaintiff is that the resignation was prospective, hence could be rescinded by him at any time before its effective date, notwithstanding the action of the board in accepting it. Having reached the conclusion that the resignation was accepted before the attempted withdrawal, as above indicated, we are now called upon to decide whether, after acceptance, the resignation could still be rescinded and withdrawn by plaintiff. A tender of resignation is nothing more than an offer to resign,

i. e., to terminate the contract of employment. Being a mere offer, plaintiff was entitled to withdraw it at any time before it was accepted by the board of trustees. (*Curttright* v. *Independent School Dist.*, 111 Iowa, 20 [82 N. W. 444].) Since the attempted withdrawal of the resignation was made after the board of trustees had accepted the resignation, it was ineffectual. The board, having accepted the resignation and having fixed the effective date thereof (School Code, sec. 5.640), it could not be unfixed by the plaintiff.

█ It is the final claim of plaintiff that in order for a resignation to be effective, there must be a relinquishment of office and that there was no such relinquishment in the present case. The basis for this contention is that, prior to the effective date of the resignation, plaintiff had repudiated and withdrawn his prospective resignation. Since there was no valid repudiation or withdrawal of the resignation, plaintiff's claim is without merit. *People* v. *Harding*, 224 Ill. App. 198, and *State* v. *Ladeen*, 104 Minn. 252 [116 Pac. 486, 16 L. R. A. (N. S.) 1058], the principal cases relied upon by plaintiff, are not in point since, in those cases, the resignations had been obtained by coercion and the person resigning had no intention of voluntarily relinquishing his position. In the instant case there is no finding that the resignation of plaintiff was obtained by fraud, duress or coercion. The rule of the cases cited is therefore not applicable.

For the foregoing reasons, the judgment is affirmed.

Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 7, 1937.