[Civ. No. 7223. Third Dist. July 15, 1946.]

BERNICE FOX THOMPSON, Appellant, v. JOHN Q. BROWN, as District Attorney, etc., et al., Respondents.

Otis D. Babcock for Appellant.

John Quincy Brown, District Attorney (Sacramento), in pro. per., and John B. Heinrich, Supervising Deputy District Attorney, for Respondents.

PEEK, J.—This is a proceeding in mandamus by which petitioner seeks to be restored to the position of senior stenographic clerk in the office of the District Attorney of Sacramento County.

By the first count of her petition it is alleged that she was

employed in said office under a permanent civil service classification; that on or about June 19, 1944, under duress, menace, oppression, coercion and undue influence of said district attorney and his chief deputy she submitted her resignation from said employment to become effective July 21, 1944; that the securing of said resignation was wrongful, illegal and without cause; that ever since July 22, 1944, respondents have refused to permit her to carry on her duties in said position, although she is ready, able and willing to do so; and that she has no plain, speedy or adequate remedy at law. For a second cause of action petitioner realleges the principal averments set forth in the first cause, and in addition alleges that on or about July 12, 1944, she filed a written request with respondent Civil Service Commission, withdrawing and recalling her resignation, but that respondents refused to comply with said request or to recognize her right to continue in her employment.

To said petition respondents filed a general demurrer and a return or answer denying generally the allegations set forth therein. The demurrer was overruled as to the first cause of action and sustained without leave to amend as to the second alleged cause of action. The matter was heard on the one issue thus framed, that of undue influence as set forth in appellant's first cause of action.

Appellant, in support of the allegations in her complaint, testified to the effect that she was the wife of one M. A. Thompson, a chiropractor, who had been arrested and charged by respondent Brown, the district attorney, with the crime of abortion; that on the morning of her husband's arrest she was informed by said respondent that under the circumstances it would be very embarrassing for her to remain in the office; that if she did not divorce her husband it would be necessary for her to resign therefrom; that respondent Mundt, Brown's assistant, told her she should get rid of her husband who had married her only to gain whatever protection he could from the district attorney's office; that respondent Brown gave her a printed resignation blank, which he ordered her to fill out, sign and return to him; that Brown requested her to stay for two weeks in order to familiarize her successor with the work of the office; and that, when she reported for work at said office on July 21, she was told by Mundt that there was none available. Other witnesses corroborated in part the testimony of appellant.

On cross-examination, however, she testified she knew that

as a civil service employee she could have refused to sign the resignation; that it was possible that prior to the time respondent Brown first mentioned anything concerning divorce she might have told him she was going to divorce her husband; and that at the conclusion of her conversation with respondent Mundt he left it to her judgment as to what she should do. She further testified that of her own accord she personally prepared and filed a demand with the Sacramento County Employees' Retirement Association for the return of all sums placed to her credit with said association, and that just prior to July 1, 1944, she made up a special supplemental payroll for herself showing the termination of her employment as of July 21.

According to the respondent district attorney and his assistant, it was appellant and not they who first mentioned the possible embarrassment of her position; that likewise it was she who announced to them she was determined to get a divorce and to resign from her position; that it was she who obtained the resignation blank and filled it out; that the resignation was dated approximately one month ahead not, as appellant stated, in order to acquaint a new stenographer with the duties of the office, but to enable her to receive vacation pay in lieu of the vacation to which she otherwise would have been entitled by continuing her employment for that period, thereby gaining the necessary credits.

It is uncontradicted that the resignation, dated to become effective July 21, 1944, was signed by appellant on June 17, 1944, countersigned by respondents Brown and Mundt, and given to respondent Brown; that appellant continued to work in the office until July 1, 1944, when she took up other employment; that on or about July 1, 1944, she prepared and signed a special supplementary payroll for herself showing the termination of her employment in the office as of July 21, 1944; that on or before August 2, 1944, appellant made demand upon the Sacramento County Employees' Retirement Association for all accrued credits standing in her name with said association, which demand was filed on said date with the civil service commission; that said demand recited that appellant had resigned her position on July 21, 1944; that a warrant for the amount found to be due her was mailed to appellant by the commission and her account was closed on the books; and that appellant thereafter attempted to return the said warrant to the association but the association refused to accept it.

At the conclusion of the hearing the court adopted findings favorable to respondents and entered judgment accordingly.

■ On appeal appellant first complains of the action of the trial court in finding against her on the evidence. She does not contend that there is no substantial evidence to support the finding, but merely asserts that "the evidence is substantial to the effect that the petitioner was coerced into resigning her position." The rule is too well established to warrant the citation of authorities that where, as here, the record discloses that the evidence on the particular question in issue is in sharp conflict, an assertion such as appellant makes here, even if warranted, would not justify this court in overruling the determination of the trial court on such issue.

■ Appellant next contends that, as a resignation takes effect upon the date mentioned in the writing, subject to the terms contained therein (citing *Meeker* v. *Reed,* 70 Cal.App. 119, 123 [232 P. 760], and *People* v. *Marsh,* 30 Cal.App. 424 [159 P. 191]), and as the effective date of the resignation herein admittedly was July 21, 1944, it was prospective in character and could be withdrawn at any time prior to said date (citing *People* v. *Porter,* 6 Cal. 26). From this she concludes that proof of the alleged withdrawal of her resignation should have been admitted.

In answer to this, respondents in effect argue that, irrespective of the character of the resignation as prospective or not, the rules of the civil service commission promulgated under authority of the Sacramento County Charter expressly provide for the filing of a resignation with the appointing authority, and therefore it inferentially follows that the purported withdrawal which was admittedly filed with the commission and not with the district attorney was a mere nullity and ineffectual for all purposes.

A factual situation somewhat similar to the present controversy is found in the case of *Shade* v. *Board of Trustees,* 21 Cal.App.2d 725 [70 P.2d 490]. Therein it appears that on April 3, 1936, the plaintiff, a teacher under permanent tenure, filed with the president of the board of trustees a resignation which by its terms was to become effective June 12, 1936. The resignation was accepted by the board on May 11, 1936, and on the following day plaintiff addressed to each member of the board a letter in which he rescinded and withdrew his resignation and requested the board to rescind its acceptance. No further action was taken by the board, but at all times subse-

quent to June 12, 1936, plaintiff was refused employment as a teacher. The court therein, although stating that "a tender of resignation is nothing more than an offer to resign," i. e., a termination of a "contract of employment," and therefore, being a mere offer, the offeror is "entitled to withdraw it at any time before it was accepted," concluded nevertheless: "Since the attempted withdrawal of the resignation was made after the board of trustees had accepted the resignation, it was ineffectual. The board, having accepted the resignation and having fixed the effective date thereof (School Code, sec. 5.640), it could not be unfixed by the plaintiff."

It also has been held that the "mere receipt" of a resignation by the proper officer without any other act of acceptance is sufficient. (*People* v. *Marsh,* 30 Cal.App. 424 [159 P. 191].) It would seem to follow, therefore, that if, as the Shade case holds, a resignation is a mere offer, valid only if accepted, and if, as the Marsh case holds, the mere receipt of the resignation by the proper officer is sufficient evidence of a valid acceptance, then, from the undisputed facts of the present case, when appellant's resignation was filed with the district attorney who accepted the same and in addition countersigned it as a witness, said offer of resignation and acceptance thereupon were merged into a complete contract unaffected by any subsequent attempted withdrawal.

However, it is not necessary to decide the issue herein presented solely upon the theory that the resignation had been accepted prior to its alleged withdrawal. The record discloses that, in addition to the preparation of a supplemental payroll showing the date of termination of her employment as July 21, 1944, appellant, subsequent to the time of her alleged withdrawal of resignation, executed a writing which appears to constitute a confirmation of her resignation as of that date. This document bears the signature of the district attorney as well as that of appellant, and the filing mark of the respondent commission, dated August 2, 1944. It reads as follows:

"BOARD OF RETIREMENT
Sacramento County Employees' Retirement Association
Gentlemen:

On the 22nd day of July, 1944, I permanently severed my connection with the County of Sacramento as an employee in the District Attorney Department and do not anticipate re-

employment in any department of the County of Sacramento.

I hereby make demand for return and payment to me of total amount deposited by me, or deducted from salary warrants payable to me, and placed to my credit on the books of the Retirement Association, plus accrued interest to above date, waiving future claims to any prior service rights that may be due me.

Employee's name in full (Signed) Bernice Fox.
Postoffice Address 1000 Fremont Way
Sacramento, Calif.

In Case Mailing Address Is Not Given, the Warrant Will Be Held in Treasurer's Office Until Definite Instructions as to Delivery Are Received

The following form of approval must be signed by the head of the department in which the applicant was employed.

I hereby certify that Bernice Fox (Name of Employee) ————(Number) has permanently left the employ of the County of Sacramento, and approve her application for payment to her of the full amount to her credit on the books of the Retirement Association.

Date of Last Deduction July 21, 1944.

(Signed)   John  Quincy  Brown,
(Head of Department) ''

Even if it be assumed that the demand contained in said writing for the balance of the money credited to her on the books of the association did not necessarily constitute a confirmation of her resignation, yet by said demand she did admit permanent severance from her employment under civil service; she did demand the return and payment of the whole amount deposited by her or deducted from salary warrants payable to her and placed to her credit with the retirement association; and she did waive any future claim to the permanent civil service right.   Hence this writing, if not an unqualified confirmation of her prior resignation, certainly might well have been considered as an admission of the facts therein stated and as a waiver or retraction of any prior withdrawal, thereby justifying respondent commission in concluding that appellant had irrevocably elected to abide by her resignation.

■ From the foregoing discussion, it clearly appears

that, if there was error in sustaining the demurrer to appellant's purported second cause of action, thereby preventing proof of the alleged notice of the withdrawal of her resignation, such error was harmless. Had the demurrer been overruled and said notice of withdrawal been proved, the existence of the other undisputed facts to which we have referred as establishing either a prior acceptance or subsequent confirmation of the resignation, or a waiver of the right of withdrawal, would have required the identical conclusion that we have reached in the absence of such proof, and the result would have been precisely the same. (See, 5 C.J.S., § 1687, pp. 857-858; *Eustace* v. *Dechter*, 53 Cal.App.2d 726, 731 [128 P.2d 367]; *Enos* v. *Murtaugh*, 47 Cal.App.2d 269, 274 [117 P.2d 905].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 12, 1946.