THE STATE OF NEW JERSEY, EX REL. LEE L. ANDREWS, JR., RELATOR, v. ARTHUR LAMB, DEFENDANT.

Submitted October 7, 1947—Decided February 18, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the relator, *Seymour & Seymour*.

For the defendant, *William George*.

The opinion of the court was delivered by

BURLING, J.   The relator, Lee L. Andrews, Jr., is a citizen of the United States, a taxpayer and a resident of the Township of Springfield in the County of Union and State of New Jersey.   He was granted leave to file an information in the nature of *quo warranto*.   The objective of the relator in the prosecution of the case is to cause the ouster of the defendant from the office of first class patrolman for said township. Plea was filed denying usurpation.   Reply was made thereto. Upon a stipulation of facts, the decision rests with us.

On October 18th, 1944, defendant submitted his resignation as a member of the police department to take other employment.   The resignation was accepted at a regular meeting of the Township Committee held October 18th, 1944.

On February 9th, 1947, while still privately employed defendant requested in writing his "reinstatement" upon the police force.   The request was brought to the attention of the Township Committee and at a regular meeting of the Township Committee held on February 26th, 1947, on resolution defendant was "reinstated to the police department effective March 1st, 1947, as a first class patrolman."   At the time of his "reinstatement" he was forty-six years of age.

There is a statute defining the qualifications of a policeman in the laws of 1945, chapter 219, page 274, article I, found in *R. S.* 40:47–4 (*R. S. A.* Pocket Part).   The pertinent part thereof reads as follows:

"No person shall be appointed a member of the police force of any municipality who is less than twenty one or more than thirty years of age."

It is the contention of the relator that the defendant was re-appointed in violation of this law and he should therefore be ousted.   It is so.

Although it is asserted that the defendant's re-engagement on February 26th, 1947, was for the benefit of the police service of said township and the governing body acted in good

faith for that purpose, to hold that he may be re-engaged on February 26th, 1947, at the age of forty-six years after the unconditional acceptance of his unconditional resignation on October 18th, 1944, which was effective October 31st, 1944, for the convenience of the defendant, to accept in the words of the defendant "a very attractive offer of employment which holds considerable promise for the future" as a machinist foreman and his desire to cease said employment because of personal dissatisfaction in February, 1947, would be to invite circumvention of an express, clear public policy set forth in the mandate of the legislature.

It is obvious the governing body recognized the difficulty to obtain the desired result as it was a new hiring.

To justify this, it is contended that this action of the Township Committee was a re-instatement and not a new hiring. We are asked to interpret the word "re-instatement" in the resolution of the last hiring to effect the recision of the previous action of the governing body in 1944 of his resignation. No express words of recision of the prior resolution of acceptance of the resignation were used in the resolution nor was there a formal request by the defendant to withdraw the resignation.

In *Whitney* v. *Van Buskirk* (*Supreme Court,* 1878), 40 N. J. L. 463 (at p. 467), it was held:

"It is clear that while the matter of acceptance was under consideration by the board of councilmen, it was the right of that body to reconsider its vote, and vote as often as it saw fit upon the question, up to the time when, by a conclusive vote, accepted as such by itself, a determination was reached. *State* v. *Foster,* 2 *Halst.* 101; *State* v. *Justice,* 4 *Zab.* 413; *State, Shreve pros.* v. *Crosley,* 7 *Vroom* 428. Such final determination may be evinced by a public promulgation of the result, or by subsequent action inconsistent with the purpose of further review."

In *Gulnac* v. *Freeholders of Bergen* (*Court of Errors and Appeals,* 1906), 74 N. J. L. 543 (at p. 544), it was held:

"It has been held in the Supreme Court that the right of a deliberate body to reconsider its vote in matters of this

kind ceases when a final determination has been reached. *Whitney* v. *Van Buskirk,* 11 *Vroom* 463. With this view we agree."

To the same effect, in 37 *Am. Jur.* 879, the following is stated:

"* * * Where the resignation, however, has become complete, either by transmission or acceptance, it is held that it cannot then be withdrawn, even with the consent of the power authorized to accept it. * * *."

And in 2 *McQuillin on Municipal Corporations* (2d ed.) 249, the following is found:

"The acceptance of a resignation terminates the term of the office, and withdrawal of the resignation is ineffectual after its acceptance; * * *."

There was a formal public proclamation of the act of acceptance recorded in the minute book of the governing body. The Township Committee did make an unqualified and final determination in 1944.

On October 31st, 1944, when the resignation became effective according to its terms, defendant surrendered his regular patrolmen's equipment to the chief of police. This was done under section 8 of an ordinance of the township, which provides:

"8. Members of the police force upon ceasing to be such members shall immediately surrender to the Chief of Police their official seals and other property of the Township, which may be in their possession."

Further, upon the acceptance of the resignation of the defendant, shortly thereafter he was appointed a special officer. A special policeman is a temporary employee and not a member of the police force. *R. S.* 40:47–19. The appointment of the defendant as a special officer, after his resignation and its acceptance, for the balance of the year 1944 and for the years 1945, 1946 and 1947 was inconsistent with an alleged purported intent to rescind its action in accepting the resignation of defendant as a first class patrolman in 1944.

It is further contended that the Township Committee is a continuous body and it was therefore entitled to rescind,

by virtue of the statement contained in *Whitney* v. *Van Buskirk, supra* (at *p.* 468), which reads as follows:

"A body having the power, and accepting a resignation, may after such acceptance, revoke their action and consent to a withdrawal, if other rights have not arisen to be affected by such revocation. *Dil. on Mun. Corp., g* 163."

This proposition is answered in *Gulnac* ·v. *Freeholders of Bergen, supra,* where it is stated:

"We think further that the determination reached is final as soon at least as the existence of the body to which the law entrusts the decision ends. Subsequent adverse action by a different body is repeal rather than reconsideration. The legislature in the present case has entrusted the decision of the question of fact to one board of freeholders. It has not required the concurrent action of two successive ·boards.

"Although only a portion of the board of freeholders goes out of office each year, the body itself is not a continuous body. The reasons which led to the decision that the Senate of New Jersey is not a continuous body are quite as cogent in the case of a board of chosen freeholders. *State* v. *Rogers,* ·27 *Vroom* 480, 622."

The terms of a portion of the members of the Township Committee expire each year. *R. S.* 40:146–2. An annual meeting is held each year when a chairman is elected for the ensuing year. *R. S.* 40:146–13.1. The personnel of the Township Committee in 1947 was not the same as that at the time of the acceptance of the resignation in 1944. Only two members of the 1944 committee were members of the 1947 committee, out of total membership of five.

The attempted restoration of the defendant to his former office constituted a new appointment and was an invalid act and judgment of ouster will be ordered.