[Civ. No. 32004.   Second Dist., Div. Two.   Sept. 24, 1968.]

RALPH W. FRENCH, Plaintiff and Appellant, v. BOARD OF EDUCATION OF SANTA MONICA UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

David L. Jacobsohn for Plaintiff and Appellant.

John D. Maharg, County Counsel, and Elaine M. Grillo, Deputy County Counsel, for Defendants and Respondents.

ROTH, P. J.—This is an appeal from a judgment vacating an alternative writ of mandate and denying a peremptory writ.

Appellant, a certificated public school teacher, was serving as a probationary teacher of mentally retarded pupils in the Santa Monica Unified School District (District) under the jurisdiction of respondents who, other than Dr. Alfred A. Artuso, were members of its Board of Education, herein "Board." Dr. Artuso was Superintendent of Schools of the District and also served as secretary to the Board.

On February 17, 1966, appellant was informed by Frank Taylor, Director of Special Services for District, that he did not meet the standards required. He was told his contract of employment would not be renewed and given a choice of resigning or having dismissal proceedings brought against him.

On February 18, 1966, appellant delivered a formal letter of resignation to respondent effective as of June 17, 1966. The record shows that appellant knew his letter of resignation would be acted upon at the regular meeting of the Board to be held on the evening of May 9, 1966.

On the afternoon of May 9, 1966, at approximately 3:30 p.m. appellant delivered to one Velma Shay a sealed white envelope bearing the words "Board of Education," enclosing a letter in which appellant revoked his resignation. At the time of delivering said envelope to Velma Shay, petitioner did not identify himself. He did not inform her of the contents of the envelope. He did not tell her that the Board should receive the envelope before its meeting that evening. He was told that Dr. Artuso, the superintendent, was not in his office and was not expected to return to the office that day.

Velma Shay is an employee of the District. She is one of the secretaries to Dr. Artuso. Shay's duties as a secretary, however, were limited to the performance of secretarial tasks required by Dr. Artuso. She did not perform secretarial work in connection with Dr. Artuso's responsibility as secretary to the Board of Education. She did not assist in the preparation of the Board's agenda, nor did she perform any

work for the Board. She had no personal knowledge of matters presented to the Board, did not regularly attend Board meetings, and was not in attendance at the Board meeting on the night of May 9, 1966.

The Board met on May 9 and accepted appellant's resignation.

It is undisputed that appellant was personally present at the meeting of the Board on May 9, 1966, when the Board formally accepted his letter of resignation. Appellant did not indicate to the Board at that time his intent to revoke the letter of resignation, nor did he call to the Board's attention the letter which had been left with Velma Shay that afternoon. The trial court found that at the time of said acceptance no member of the Board had been informed of appellant's intent to revoke the aforementioned letter of resignation, nor had the superintendent of respondent school district been so informed.

By letter of May 12, 1966, John Carter, Director of Personnel Services of the District gave written notice to appellant of the May 9th action of the Board. Subsequent to that time, appellant wrote to the District contesting the Board's action.

Appellant contends that he was not regularly dismissed for cause pursuant to notice and hearing, as required by section 13444 of the Education Code. The record, of course, admits this. The sole issue before us is whether the offer to resign had been effectively revoked prior to its acceptance.

Although an offer can be revoked at any time before it is accepted, but not afterwards, (*Sherman* v. *Board of Trustees*, 9 Cal.App.2d 262, 266 [49 P.2d 350]; *Shade* v. *Board of Trustees*, 21 Cal.App.2d 725, 727, 728 [70 P.2d 490]), " 'A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' " (*Drennan* v. *Star Paving Co.*, 51 Cal.2d 409, 413 [333 P.2d 757].)

The trial court found appellant's attempted revocation was not timely and that even if it were, he was estopped from contending revocation.

In addition to the facts set out above in respect of the delivery to Shay of the letter of revocation, the uncontradicted affidavit of Frank Taylor avers:

"On or about February 18, 1966, Mr. French delivered to me such a letter of resignation. . . . I explained to Mr.

French that it was not correct to address his letter of resignation to me, . . . . Accordingly, I suggested that he rewrite his formal resignation, . . . .

"Thereupon, Mr. French requested that I have the letter typed for his signature, and in doing so, I had included a statement to the effect that his services would no longer be needed because of the return of a permanent teacher who had been on a leave of absence. This reference was made for the sole purpose of protecting Mr. French's record of employment; it was not inserted as a condition of his resignation, nor as the reason for same."

The uncontradicted affidavit of Dr. Artuso, among other things, avers:

"On the evening of May 9, 1966, the Board of Education accepted the letter of resignation submitted by RALPH FRENCH. At that time RALPH FRENCH's intention to revoke said letter of resignation had not been communicated to the Board of Education or to myself.

"The following day I received Mr. French's attempt at revocation when same was delivered to me by my secretary, VELMA SHAY, along with the mail received on May 10, 1966."

The court made the following findings:

"That FRANK TAYLOR is Director of Special Services at Respondent School District. That on February 17, 1966, said FRANK TAYLOR informed Petitioner that since he did not meet the standards of Respondent School District, the District intended to take the necessary steps to effect Petitioner's dismissal. That said FRANK TAYLOR indicated at this time that no such dismissal action would be taken by Respondent School District if Petitioner were to resign his position with the District.

"That in reasonable reliance on the Petitioner's letter of resignation, Respondent School District did forbear taking the necessary action for dismissal within the time specified by law; that Petitioner in submitting his resignation intended Respondents to forbear dismissal action; that said time expired on May 15, 1966.

"That the Board of Education of Respondent School District met on the evening of May 9, 1966, and at that meeting formally accepted Petitioner's letter of resignation; that at the time of said acceptance, no member of Respondent Board had been informed of Petitioner's intent to revoke the aforementioned letter of resignation, nor had the Superintendent of Respondent School District been so informed.

"That Petitioner was present at the meeting of the Respondent Board of Education on May 9, 1966, when the Board formally accepted his letter of resignation. That Petitioner did not indicate to the Board at that time his intent to revoke said letter of resignation, nor did he call to the Board's attention the letter he had left with VELMA SHAY that afternoon.

"That petitioner's attempt to revoke his resignation was not timely communicated to the respondent Board, and accordingly was invalid as a revocation."

Although we find nothing affirmative in the respondent's affidavits showing that appellant was present at the Board meeting, his opening brief apparently admits that he was present. He argues, however, that ". . . . oral statements to the Board, . . . would be moot evidence, since the Board operates on a previously-prepared written agenda which calls for oral communications as the very last item to be taken up at its meetings and, therefore, appellant could not have been heard, even if he had so attempted." It is undoubtedly true that appellant could not have been heard on the facts underlying his resignation. It is difficult to understand, however, since the matter of resignation was on the agenda, why he would not have been heard as to whether he had in fact resigned.

In our opinion, the evidence establishes that the resignation was not withdrawn before it was acted upon and in addition sustains the finding of estoppel. (*Drennen* v. *Star Paving Co.,* *supra.*)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied October 14, 1968, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1968.