[Civ. No. 9225. Fourth Dist., Div. Two. May 16, 1969.]

LLOYD HAMM, Plaintiff and Respondent, v. CITY OF SANTA ANA, Defendant and Appellant.

William L. Mock, City Attorney, and James A. Withers, Assistant City Attorney, for Defendant and Appellant.

Richard R. Murphy for Plaintiff and Respondent.

McCABE, P. J.—By his petition, it appears petitioner commenced his employment with the City of Santa Ana (hereinafter referred to as "City") in 1964 under civil service rules. In December 1967, he had a classification of patrolman with the police department of the City. The record before us does not indicate whether petitioner had tenure under civil service. From his petition which incorporated civil service ordinances and his allegations requesting a hearing before the civil service board regarding the termination of his employment, it may be assumed he had some type of civil service status, although it is not specifically alleged.

The factual allegations are: Several months before December 1967, he had applied for and was accepted into the employment of the Police Department, City of Los Angeles; he was to report to that city's academy to commence training in February 1968; on or about December 21, 1967, he received an order to report to the academy on December 31; on December 21, upon a form furnished by respondent City he resigned with the last day of work to be December 30; the reason given for the resignation was "have accepted employment with Los Angeles Police Department;" the signed resignation form was handed to the Chief of Police, City of Santa Ana; on December 27, he received a telephone call from an unidentified officer of the Personnel Department of the Los Angeles Police Department informing him that he had been disqualified as a result of a contact with someone in authority in the Santa Ana Police Department; a subsequent communication with the Los Angeles Police Department on December 27 revealed that petitioner was disqualified due to a former injury in 1966 which resulted in a 2½ percent disability claim; petitioner had fully disclosed and explained this injury to the Los Angeles Police Department before his acceptance by it; on December 27, petitioner submitted to the chief of police a written withdrawal of his previously submitted resignation; in the withdrawal, petitioner recited some of the events which led to the withdrawal; no action was taken by anyone on the resignation or the withdrawal; on December 30, petitioner submitted to his watch commander a "Request for Statement of Charges Regarding my Termination" in "accordance with the provisions" of the city charter, but no action was taken on this request for a statement of charges.

Respondent demurred to the petition which was a return to the petition. (*Matteson* v. *Board of Education,* 104 Cal. App. 647 [286 P. 482].)

Although it is not clear, apparently petitioner contends that the City desired to terminate his employment and, upon inquiry from the Los Angeles Police Department, gave information which caused it to determine that petitioner was unacceptable for employment with that police department. The nature of this information is not stated. Also, petitioner urges that his contacts with the chief of police, after his resignation was submitted, indicate the same conclusion inasmuch as the chief failed to act upon his resignation or withdrawal and made comments regarding his association with certain undesirable persons and regarding his loyalty to the Santa Ana Police Department.

The trial court granted the peremptory writ upon the ground that since the resignation had not been acted upon, it could be withdrawn and the request for withdrawal was made within proper time. The trial judge in his remarks stated he would not approach the question on the premise that petitioner was disloyal because he sought a position with another police department.

There is no question raised as to the authority of respondent City to enact ordinances in conformity with the provisions of its charter. (*City of Redwood City* v. *Moore,* 231 Cal.App. 2d 563 [42 Cal.Rptr. 72]; *Civic Center Assn.* v. *Railroad Com.,* 175 Cal. 441 [166 P. 351].) Sections 2240, 2240.1 and 2241[1] were enacted in conformity with the provisions of respondent's charter.

---

[1]These sections read as follows:

Section 2240. *Resignation*

Any employee voluntarily leaving the employment of the City shall at least two (2) weeks prior to separation, submit a written resignation to his department head with the effective date and reason for resignation. Failure to furnish the written resignation within the time stated in this Section shall be cause for denying the employee reinstatement privileges. Resignations shall be forwarded, by the appointing authority, to the Director of Personnel with a final performance report and any known circumstances relative to the resignation.

Section 2240.1. *Resignation, Withdrawal*

The City Manager may permit the withdrawal of a resignation only upon written request filed within ten (10) working days of its effective date, and provided such request for withdrawal bears the favorable recommendation of the appointing officer.

Section 2241. *Reappointment*

Upon request, within two years of the separation of a permanent employee who resigned in good standing, the City Manager may place his name on a reappointment list, to be certified as provided in these rules. An eligible appointed from a reappointment list shall serve a regular

The provisions of section 2240 are clear and unambiguous. They simply provide that an employee voluntarily leaving the City's employment must submit his resignation at least two weeks before the separation date. The resignation is to be submitted to the department head stating the effective date as selected by the employee and the reason for the resignation. In the future, should the employee seek reinstatement privileges, the failure to have followed this requirement would be a cause for denying reinstatement. The section then provides for the ministerial procedure which is to be undertaken by the director of personnel of obtaining a final performance report and any known circumstances relative to the resignation. Since the provision of the ordinance regarding the ministerial acts to be performed by the director of personnel is subsequent in context to the provision regarding a cause for denial of reinstatement, it is obvious the City desired to have a full record for future reference in the event there was a request for reinstatement.

Construed in light of the common known usage, the word ''reinstatement,'' connotates a period of time after the employment has ceased. (*Andrews* v. *Lamb,* 136 N.J.L. 548 [57 A.2d 365, 366]; *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492 [11 N.E.2d 585, 588]; *Board of Trustees of Firemen's Pension Fund* v. *State* ex rel. *Furgason,* 205 Ind. 557 [187 N.E. 330, 89 A.L.R. 680].)

 Admittedly, petitioner did not comply with the time element provisions of either section 2240 or 2240.1 in the submission of his resignation or withdrawal. However, a resignation on a form furnished by the City was submitted to the appointing authority. The resignation form furnished by the City, and insofar as it is relevant to the facts of the case at bench, had spaces which were to be filled in by the employee. In this form which was given to petitioner there was the printed statement, ''I, herewith, tender my voluntary resignation for the following reason:'' In the blank space provided for the information, the employee stated, ''Have accepted employment with Los Angeles Police Department.'' Following this insertion by the employee, there is the statement in the form: ''Effective date of resignation (last day of work),'' followed by a blank space. This blank space was filled in by the employee and reads: ''12-30-67.'' This form

probationary period and shall be considered a new employee for seniority, vacation, and sick leave purposes, provided, however, that the eligible may be reappointed at his former salary step.

prepared and furnished by the employer assists in the interpretation of sections 2240 and 2240.1 for in those sections the words "effective date" are used. The ordinance contemplates that the employee might select a date in the future upon which his resignation would be effective. The petitioner in this case stated that the effective date would be "12-30-67."

By section 2240.1 which provides for the withdrawal of a resignation, the ordinance provides that the city manager might permit the withdrawal of a resignation filed ". . . within ten (10) working days of its effective date. . . ." In the interpretation of the provisions of section 2240.1, it is obvious that the legislative body did not intend that the employee had ten days after his stated effective date in which to submit his written request for withdrawal. If this interpretation were given to the ordinance, it would mean that there would have been a termination of the employment, and, therefore, the reappointment provisions of section 2241 would have been applicable. The reasonable interpretation of section 2240.1 is that if the effective date selected by the employee was 12-30-67 (as in this case), the employee could comply with section 2240.1 within the 10-day period before 12-30-67.

In the case at bench petitioner did submit a request for withdrawal of his resignation within the time set forth in section 2240.1. The other provisions of the section required the employee to obtain the favorable recommendation of the appointing officer and a submission of the withdrawal together with the favorable recommendation to the city manager. The city manager had the discretion, under the provisions of section 2240.1, to permit the withdrawal of the resignation. Under the provisions of this section it is not mandatory that the appointing authority give a favorable recommendation or that the city manager permit the withdrawal after a favorable recommendation is noted on the withdrawal.

Since it was incumbent upon the petitioner to submit his formal request for withdrawal to the appointing authority, which he did, by not having obtained the favorable recommendation nor having the request for withdrawal processed in accordance with the ordinance section, he is not in a position to now contend that he had withdrawn his resignation. The compliance with the provisions of section 2240.1 is mandatorily required.

There has been submitted to us the postulation that when the petitioner handed his resignation to his appointing authority, it became effective and could not be withdrawn.

A review of cases from California and other jurisdictions discloses a wide spectrum of views as to whether the resignation of an officer effective at a future date may be subsequently withdrawn prior to the date stated in the written resignation. (*People* v. *Porter,* 6 Cal. 26; *French* v. *Board of Education,* 265 Cal.App.2d 955 [71 Cal.Rptr. 713]; *Thompson* v. *Brown,* 75 Cal.App.2d 344 [170 P.2d 1010]; *Shade* v. *Board of Trustees,* 21 Cal.App.2d 725 [70 P.2d 490]; *Meeker* v. *Reed,* 70 Cal.App. 119 [232 P. 760]; *People* v. *Marsh,* 30 Cal.App. 424 [159 P. 191]; *United States* v. *Wright,* 1 McLean's Reports 509, 28 Fed.Cas. 792; *Rogers* v. *Carleton,* 188 Okla. 470 [110 P.2d 908]; *Rider* v. *City of Batesville,* 220 Ark. 31 [245 S.W.2d 822]; *Sawyer* v. *City of San Antonio,* 149 Tex. 408 [234 S.W.2d 398]; *People* ex rel. *Adamowski* v. *Kerner,* 19 Ill.2d 506 [167 N.E.2d 555, 82 A.L.R.2d 740].)

In *People* v. *Porter, supra,* the Supreme Court refused to sustain the contention that a resignation of a judge submitted to the Governor had to be accepted by the appointing power before it became effective. In so holding, the court stated at p. 28: "The tenure of an office does not depend upon the will of the Executive but of the incumbent." Although the author of the opinion stated he did not doubt that before the stated date the judge could have withdrawn his resignation, this statement was *obiter dicta,* because the judge did not withdraw his resignation nor attempt to do so. The issue was not before the court.

In *United States* v. *Wright, supra,* which is cited in *People* v. *Porter, supra,* there was involved the question of the right of a federal civil officer who was appointed for a term of years to resign and whether such resignation had to be accepted before it became effective. The court stated the resignation did not have to be accepted because: "There can be no doubt that a civil officer has a right to resign his office at pleasure, and it is not in the power of the executive to compel him to remain in office. It is only necessary that the resignation should be received, to take effect, and this does not depend upon the acceptance or rejection of the resignation by the president." (p. 793, 28 Fed. Cas.)

In *People* v. *Marsh, supra,* 30 Cal.App. 424, a duly elected district attorney, one Mahoney, signed and delivered his resignation, addressed to the board of supervisors, to a member of the board of supervisors effective upon its being filed. Six days after its filing the board accepted the resignation. On the same day as the board met and before any action was taken on

the resignation, Mahoney caused to be served on each member of the board a written notice of revocation and withdrawal of his resignation. Regardless of this act by Mahoney, the board accepted his resignation. On appeal, Mahoney contended the common law rule of acceptance of resignations should apply and under the pronouncements of *People* v. *Porter, supra,* 6 Cal. 26, and *State* ex rel. *Ryan* v. *Murphy,* 30 Nev. 409 [97 P. 391, 720, 18 L.R.A. N.S. 1210], he had a right to recall and withdraw his resignation before it was acted upon. The appellate court stated the common law rule was based upon a theory not in harmony but at variance with modern ideas. The appellate court found, as we have found, the statement in *Porter* that before acceptance a resignation could be withdrawn was dictum and concluded that the common law doctrine did not apply in California for sections 995 and 996 of the Political Code (now Gov. Code, §§ 1750 and 1770) had abrogated the common law doctrine as applied to resignations and vacancies. The court concluded that no doubt existed because the provisions of the Political Code gave appellant " '. . . the privilege of resignation as an absolute right, without any restrictions,' (*State* v. *Murphy,* 30 Nev. 409 [97 P. 391, 720, 18 L.R.A. N.S. 1210]) . . .'' (p. 429), and when District Attorney Mahoney delivered his resignation to the proper officer, it was effective.

In *Meeker* v. *Reed, supra,* 70 Cal.App. 119, the resignation of certain councilmen of a city was involved. The court noted: "While other jurisdictions have held to a different rule, it appears to be the settled law of this state that a resignation takes effect immediately upon the date mentioned in the written resignation, filed as provided by law by the officer tendering his resignation. No acceptance is required.'' (P. 123.)

The cases reviewed do not have the provisions or any like provisions as set forth in section 2240.1 which allow, under proper procedure, a withdrawal. It must have been contemplated by the legislative authority which enacted the ordinance here under review that a resignation was not effective upon the presentation of it to the appointing authority, but the effective date was that date stated by the employee, and a withdrawal of the resignation could be possible under the formalized procedure as stated in the ordinance, section 2240.1. The legislative body which enacted the ordinance, having provided for a method of withdrawal, obviously did not intend that the resignation be effective upon the presentation of the resignation to the appointing authority but only upon the date expressed by the resigning employee. As has been stated,

this interpretation is further bolstered by the form prepared by the employer, the City, using the words "effective date" and where the resigning employee is to fill in a blank space.

█ For the reasons stated, the employee not having complied with the procedures of section 2240.1, there was no withdrawal of his resignation and his employment terminated on 12-30-67.

█ Petitioner finally argues that since the City terminated his employment, he is entitled to claim of charges and hearing before a board. There is no evidence to sustain this contention for his resignation was voluntarily submitted by the petitioner which was an act on his part to separate himself from his employment and did not require any act on the part of the City to give it validity. The City having a procedure for withdrawal of the resignation, and the employee not having complied with it, he cannot now complain that there was a termination by the action of the City compelling stated charges to be made and a hearing thereon.

Judgment reversed.

Kerrigan, J., and Tamura, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 9, 1969.