Larry **BRITTON**, Plaintiff-Appellant,

v.

The **CITY OF TRINIDAD**, a municipal corporation, and William Cordova, in his official capacity as City Manager of the City of Trinidad, Colorado, Defendants-Appellees.

No. 83CA1462.

Colorado Court of Appeals, Div. I.

Aug. 9, 1984.

Garrett Sheldon, Walsenberg, for plaintiff-appellant.

Cleveland, Wengler & Robbins, P.C., Frank E. Robbins, Colorado Springs, for defendants-appellees.

ENOCH, Chief Judge.

Plaintiff, Larry Britton, appeals from a judgment in favor of defendants, the City of Trinidad and its city manager, which upheld their decision not to reinstate him to his former position of captain in the city police department. We affirm.

As a result of certain off duty confrontations between Britton and two individuals, an investigation was conducted by the Trinidad police department which led to a decision that harassment charges might be filed against Britton. The incidents allegedly happened on August 31 and September 2, 1982.

At the District Attorney's request, Britton met with him on September 3, 1982. Britton assumed the purpose of the meeting was to discuss the charges to be brought against the other individuals involved in the confrontation. He was under stress at the time of the meeting, was having family problems, and was then on sick leave.

There is evidence, although denied by Britton, that he was considering resigning from the police department, and that he indicated this to the District Attorney before he knew the purpose of the meeting. During the course of the meeting, the District Attorney advised Britton that his office had enough evidence to file criminal charges against him but that if he resigned, the charges would be dropped. He was further advised not to resign immediately, but to take a few days to consider his options.

Later that day, Britton telephoned the secretary of the Chief of Police and requested that she type a letter of resignation effective immediately, sign his name, and place the letter on the Chief's desk. She complied. A few days thereafter, Britton submitted a request for a refund from the Fire and Police Pension Association. On September 8, Britton telephoned and sent a letter to the city manager requesting

rescission of his resignation. In a letter written on September 9, 1982, the city manager acknowledged his resignation of September 3 but refused his request to rescind.

Britton first contends that the court erred in finding that his resignation was not the result of duress. We do not agree.

 A resignation which has been submitted as the result of threat of criminal prosecution is generally considered to have been obtained by duress and is, therefore, invalid. *Blomquist v. Clague,* 290 N.W.2d 235 (No.Dak.1980). To establish this type of duress, however, the person who submitted the resignation must show not only the exertion of pressure by threats of criminal prosecution, but also that the threats employed actually subjugated his mind and will, and that the threats were the sole and efficient cause of his resignation. *See Wiesen v. Short,* 43 Colo.App. 374, 604 P.2d 1191 (1979).

The question whether a resignation is obtained by threats of criminal prosecution is a question of fact. *See Blomquist, supra.* Although there is some conflicting evidence, there is sufficient evidence to support the court's finding that Britton's resignation was voluntary, and thus, it will not be overturned on appeal. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Britton also contends that his resignation would not become effective until accepted and he was entitled to withdraw his resignation any time prior to its acceptance. We disagree.

A public officer or public employee may relinquish his office at his pleasure. *People ex rel. Rosenberg v. Keating,* 112 Colo. 26, 144 P.2d 992 (1944); *Locke v. City of Central,* 4 Colo. 65 (1878). Absent a valid enactment or contract providing otherwise, acceptance of a resignation is not required to make the resignation effective. A resignation therefore takes effect upon the date specified in the resignation, *Hamm v. Santa Ana,* 273 Cal.App.2d 84, 78 Cal.Rptr. 102 (1969), and cannot be withdrawn after its effective date. *Smith v. Brantley,* 400 So.2d 443 (Fla.1981); *Hamm, supra; People ex rel. Coker v. Owen,* 116 Ill.App.3d 506, 71 Ill.Dec. 867, 451 N.E.2d 1021 (Ill.App.1983).

Here, the September 3 letter states that the resignation was effective immediately, and therefore, Britton's purported withdrawal on September 8 was ineffective.

We have considered plaintiff's other allegations and find them to be without merit.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.