[Civ. No. 10131. Fourth Dist., Div. One. Jan. 28, 1971.]

H. W. STANFIELD CONSTRUCTION CORPORATION et al.,
Plaintiffs and Respondents, v.
ROBERT McMULLAN & SON, INC., Defendant and Appellant.

## COUNSEL

Hillyer & Irwin, Robert A. Weninger and Karen Tustin for Defendant and Appellant.

Kaminar, Sorbo, Andreen & Thorn and L. William McGrath, Jr., for Plaintiffs and Respondents.

## OPINION

**COUGHLIN, J.**—Defendant, a painting subcontractor, appeals from a money judgment awarding damages to plaintiffs, general contractors, on account of defendant's refusal to do painting work in compliance with a bid submitted to plaintiffs.

In preparation of a bid on the prime contract to do construction work for the United States Navy, plaintiffs advertised for bids from subcontractors on various phases of the work. On January 25, 1968, a few hours before the time for submission of bids on the prime contract, defendant, in a telephonic communication with plaintiffs, submitted a bid of $9,384 on the painting work required by Section 9F of the plans and specifications for the construction project. Plaintiffs checked defendant's bid with others they had received and noted the latter were for $18,500, $18,713, $19,475 and $24,463; thereupon, because of the apparent discrepancy between defendant's bid and the other bids, by telephone communication advised defendant the latter's bid was quite low, and requested defendant review and verify it before bid time, which was 2 o'clock; and thereafter, on the same day,

received a second telephonic bid from defendant in the amount of $13,261 which they used in preparing a bid they submitted on the prime contract. Also on the same day, i.e., January 25, 1968, plaintiffs, by telephone, advised defendant the latter's bid had been used by the former in preparing their bid on the prime contract, which appeared to be the low bid, and in the event it was accepted they would send defendant a contract. Plaintiffs' bid on the prime contract was accepted February 4, 1968. On February 16, 1968, plaintiffs sent defendant a proposed written contract premised on the latter's bid, but which contained terms and provisions not included in the advertisement for bids or the telephonic bid submitted. Defendant, among other things, contends the inclusion of these terms and conditions in the proposed written contract amounted to a rejection of its bid and submission of a counteroffer by plaintiffs. The court found the terms and conditions in question were not a material element of the parties' negotiations and did not constitute a counteroffer. On March 29, 1968, having received no response from defendant, a representative of plaintiffs called a representative of defendant inquiring whether defendant intended to execute the contract theretofore submitted; defendant's representative replied he did not think defendant was going to sign the contract because he thought plaintiffs were going to want defendant "to paint those joists on the job" and defendant "didn't figure painting them"; in response plaintiffs' representative said "Well, if it's in Section 9F, which is the only thing that we are asking you to do on the subcontract, then you'd be expected to do it"; and defendant's representative, when asked directly whether defendant was going to sign the subcontract, replied "No." During the foregoing telephone conversation no reference was made to the allegedly objectionable terms and conditions of the proposed written contract.

Plaintiffs caused the painting work upon which defendant had bid to be performed by another subcontractor for the sum of $18,713, and sued for $5,452 which is the difference between this amount and the amount of defendant's bid. The judgment awarded plaintiffs $5,239 which is the difference between defendant's bid and the next lowest bid received. Plaintiffs make no complaint respecting the difference between the amount they sought and the amount they were awarded.

In a written opinion the trial judge expressed his belief the facts in the case were substantially similar to those in the case of *Drennan* v. *Star Paving Co.,* 51 Cal.2d 409 [333 P.2d 757], and concluded the doctrine of promissory estoppel applied in the cited case dictated judgment in favor of plaintiffs. In accord with these views, the court found plaintiffs were entitled to and did rely upon defendant's bid; were unaware of any mistake in the computation of defendant's bid which, if it existed, was a unilateral

one and the fault of defendant; accepted the bid within a reasonable time; did not make any counteroffer; and were damaged by defendant's refusal to perform in accordance with its bid.

■ In *Drennan* v. *Star Paving Co., supra,* 51 Cal.2d 409, 413, the court said: " 'A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' " (See also *French* v. *Board of Education,* 265 Cal.App.2d 955, 957 [71 Cal.Rptr. 713].) The rule as stated is determinative of the case at bench.

Defendant contends the doctrine of promissory estoppel does not apply here because (1) plaintiffs' reliance upon defendant's bid was not justifiable or reasonable; (2) plaintiffs unreasonably delayed acceptance of defendant's bid; and (3) plaintiffs submitted a counteroffer constituting a reopening of the bid which forecloses application of the doctrine.

■ The contention plaintiffs' reliance on defendant's bid was not justifiable or reasonable, in substance, is premised upon the claim the finding of the court to the contrary was not supported by the evidence; relies upon the fact plaintiffs knew defendant's bid was substantially lower than other bids submitted; but disregards the fact plaintiffs expressed concern respecting defendant's first bid and inferentially were entitled to assume its second bid was not the product of any misconception, misunderstanding or mistake. Once having alerted defendant to the possibility of error in its bid, plaintiffs should not be held knowledgeable of or responsible for any subsequent mistake allegedly resulting in the second bid as a matter of law. The finding of the trial court plaintiffs had no knowledge of any such mistake and their reliance upon the second bid was justifiable and reasonable is supported by inferences reasonably deducible from the evidence.

Defendant's contentions plaintiffs unreasonably delayed acceptance of defendant's bid and made a counteroffer in lieu of acceptance attempt to apply the limitation on application of the doctrine of promissory estoppel which is expressed in *Drennan* v. *Star Paving Co., supra,* 51 Cal.2d 409, 415, where the court said: "It bears noting that a general contractor is not free to delay acceptance after he has been awarded the general contract in the hope of getting a better price. Nor can he reopen bargaining with the subcontractor and at the same time claim a continuing right to accept the original offer." (Gen. see *Southern Cal. Acoustics Co.* v. *C. V. Holder, Inc.,* 71 Cal.2d 719, 723 [79 Cal.Rptr. 319, 456 P.2d 975].) ■ The court found plaintiffs accepted defendant's bid within a reasonable time. The evidence adequately supports this finding. On the day plaintiffs submitted

their bid to the Navy they informed defendant its bid had been included therein, plaintiffs' bid was the low bid, and in the event it was accepted, they would send defendant a contract. Within two weeks of acceptance of plaintiffs' bid the proposed contract was sent defendant. No objection was made respecting any delay. There is no evidence plaintiffs delayed acceptance of defendant's bid "in the hope of getting a better price," or for any other reason. ■ The court not only found the proposed written contract was not a counteroffer, but also found defendant refused to execute it "because of the issue of the painting of the steel joists" and that "the issue of the content of plaintiffs' written subcontract form was not raised by defendant until after defendant had refused to perform." These findings are supported by substantial evidence indicating the only reason defendant refused to perform was because under its bid it was required to paint the joists and, apparently, it had not considered this work in making its bid. Noteworthy is the fact defendant was told the only "thing" plaintiffs asked it to do was the work covered by Section 9F of the prime contract, plans and specifications. Particularly pertinent to the situation at bench is the statement of the court in *Drennan* v. *Star Paving Co., supra,* 51 Cal.2d 409, 416, that: "As between the subcontractor who made the bid and the general contractor who reasonably relied on it, the loss resulting from the mistake should fall on the party who caused it."

We deem immaterial to a decision in the case defendant's contention an enforceable contract was not created between plaintiffs and defendant because mutual assent was lacking and for this reason the judgment is in error. Obviously the doctrine of promissory estoppel is not premised upon the existence of an enforceable contract. The judgment in the case at bench was proper under the facts found and the law as declared in *Drennan* v. *Star Paving Co., supra,* 51 Cal.2d 409.

The judgment is affirmed.

Brown, P. J., and Ault, J., concurred.